IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | | |
|---|---|---|---|
| BANK OF BLUE VALLEY, | ) | | |
| a division of HTLF Bank, formerly known | ) | | |
| as Morrill & Jones Bank and Trust | ) | | |
| Company, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | 4:23-CV-00634-BCW |
| | ) | | |
| B&B Capital, LLC, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## ORDER AND CONSENT JUDGMENT AS TO COUNT XIV

Before the Court is a Joint Motion for Stipulated Judgment for Foreclosure filed by Plaintiff Bank of Blue Valley, Defendant B&B Capital, LLC, and the United States of America. (Doc. #61). The Court, being duly advised of the premises, grants said motion and enters the following judgment of foreclosure by consent, only as the Amended Complaint's Count XIV, Foreclosure of the Ray County Deed of Trust on Ray County Real Property against Defendants B&B Capital, the U.S. Small Business Administration, Lathrop Feed & Grain, Inc., Orrick Farm Service, Inc., Stacey Evans, Craig Evans, and David Grady.

Plaintiff Bank of Blue Valley, a division of HTLF Bank, successor by merger with Bank of Blue Valley f/k/a Morrill & Janes Bank and Trust Company ("Plaintiff" or "Lender") and Defendants B&B Capital, LLC ("Borrower") and the United States of America (the "USA"), by and through their respective counsel, jointly request that this Court enter judgment on Count XIV

1

(Foreclosure of Real Property in Ray County, Missouri) of Plaintiff's First Amended Complaint.[1] Pursuant to the parties' agreement, it is hereby

ORDERED the Joint Motion for Stipulated Judgment for Foreclosure filed by Plaintiff Bank of Blue Valley, Defendant B&B Capital, LLC, and the United States of America (Doc. #61) is GRANTED. The Cout thus enters judgment as to Count XIV of the Amended Complaint as follows:

1. On March 30, 2018, B&B Capital executed, acknowledged, and delivered to the Lender, a Deed of Trust (the "Ray County Deed of Trust") on the following described real property to secure payment of the indebtedness owed by them to Lender:

   The following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); all proceeds (including insurance proceeds); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters

   All that part of the East half of the Southwest Quarter of Section 31, Township 54, Range 29, described as follows: Beginning at a point 2,111 feet South and 899.3 feet West of the Northeast corner of said quarter section; thence North 28 degrees 28 minutes East, a distance of 111 feet; thence North 61 degrees 32 minutes West, a distance of 86 feet; thence North 28 degrees 28 minutes East, a distance of 1,000 feet; thence North 61 degrees 32 minutes West, a distance of 14 feet; thence North 28 degrees 28 minutes East, a distance of 185 feet; thence South 61 degrees 32 minutes East, a distance of 300 feet; thence South 28 degrees 28 minutes West, a distance of 1,187.6 feet; thence West, a distance of 227.5 feet to the point of beginning. Together with all perpetual rights and easements for ingress and egress appurtenant to the above described premises or any part thereof.

Commonly known as 624 N Pennsylvania Avenue, Lawson, Missouri (hereinafter referred to as the "Ray County Property").

---

[1] Unless otherwise noted, all capitalized terms herein shall have the same meaning as in the First Amended Complaint. This Stipulated Judgment for Foreclosure is not an adjudication of any remaining counts in the First Amended Complaint.

2. The Ray County Deed of Trust was duly filed and recorded on April 10, 2018, in the Office of the Recorder of Deeds, Ray County, Missouri, in Book 1941 at Page 66.

3. The Ray County Deed of Trust provides that the mortgagors will promptly pay the principal and interest of the indebtedness evidenced by the xxxxx7939 Note, as amended, at the same time and in the same manner therein provided and if there shall be a default in any of the terms, conditions or covenants of the Ray County Deed of Trust or of the xxxxx7939 Note, as amended, secured thereby, then any sums owing by the mortgagors to the mortgagee shall, at the option of the mortgagee, become immediately due and payable and that the mortgagee shall have the right to foreclose on the Ray County Deed of Trust.

4. The Ray County Deed of Trust contains a cross-collateralization provision which provides that the Ray County Deed of Trust shall secure all obligations, debts and liabilities, plus interest thereon owed by Borrower to Lender.

5. The Ray County Deed of Trust provides on Page 8,

   > If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Granter also will pay any court costs, in addition to all other sums provided by law.

6. All conditions precedent to the maintenance of this action to foreclose the Ray County Deed of Trust have been performed, satisfied or waived.

7. The right of redemption has been waived pursuant to the terms of the Ray County Deed of Trust.

8. Plaintiff is the current holder of the xxxxx7939 Note, as amended, is entitled to enforce the terms and provisions of the xxxxx7939 Note, as amended, and Ray County Deed of Trust and has the right to foreclose through this suit.

9. The Ray County Deed of Trust provides that the mortgagors will promptly pay the principal and interest of the indebtedness evidenced by the xxxxx7939 Note, as amended, at the same time and in the same manner therein provided and if there shall be a default in any of the terms, conditions or covenants of the Ray County Deed of Trust or of the xxxxx7939 Note, as amended, secured thereby, then any sums owing by the mortgagors to the mortgagee shall, at the option of the mortgagee, become immediately due and payable and that the mortgagee shall have the right to foreclose on the Ray County Deed of Trust.

10. Borrowers have failed, neglected, and refused to make the payments due under the xxxxx7939 Note, as amended, and the Ray County Deed of Trust and they are in default.

11. Pursuant to a March 11, 2024 Settlement Agreement between, inter alia, Lender and Borrower, the Borrower conceded that, as of November 13, 2023, the following amounts were due under the applicable loan documents:

    a. xxxxx7939 Note: Principal balance of $1,370,697.42 plus accrued interest of $66,288.31, with additional interest to accrue from and after November 13, 2023 at the rate of 9.5% per annum, or $361.711819 per day, until paid in full, and late charges of $750.00;

    b. xxxxx7936 Note: Principal balance of $691,614.12 plus accrued interest of $24,883.69, with additional interest to accrue from and after November 13, 2023 at the rate of 8.25% per annum, or $158.494902 per day, until paid in full, and late charges of $2,364.24;

    c. xxxxx1205 Note: Principal balance of $825,394.14 plus accrued interest of $24,298.62, with additional interest to accrue from and after November 13, 2023 at the rate of 6.28% per annum, or $143.985422 per day, until paid in full, and late charges of $1,377.28;

d. xxxxx1208 Note: Principal balance of $312,171.65 plus accrued interest of $9,189.96, with additional interest to accrue from and after November 13, 2023 at the rate of 5.15% per annum, or $54.456610 per day, until paid in full, and late charges of $1,142.12.

12. Additionally, Borrowers is liable under the various loan documents for Lender's reasonable attorney's fees and costs.[2]

13. Furthermore, the conditions and covenants contained in the xxxxx7939 Note, as amended, and the Ray County Deed of Trust have been broken and Plaintiff has exercised its right to declare the entire amount due on and owing under and by virtue of the xxxxx7939 Note, as amended, the entire sum secured by the Ray County Deed of Trust. The Ray County Deed of Trust is subject to foreclosure and should be foreclosed and the Ray County Property should be advertised and sold according to law to pay all or a portion of the indebtedness due Plaintiff.

14. Plaintiff has a first priority lien on the Ray County Property that is secured by the Ray County Deed of Trust.

15. Borrower may assert some interest in the Ray County Property, but any such interest is inferior and subordinate to the lien of Plaintiff.

16. The USA may assert some interest in the Ray County Property pursuant to a Deed of Trust recorded February 22, 2022 as Document No. 140735, in Book 2141, Page 10 of the official records of Ray County, but any such interest is inferior and subordinate to the lien of Plaintiff. Furthermore, the USA consents to entry of judgment in favor of Plaintiff as set out herein, subject to its one year right of redemption to the extent available under 28 U.S.C. § 2410.

---

[2] The foregoing amounts are not a final determination of the indebtedness owed by Borrower to Lender. Rather, proceeds from collateral securing the indebtedness (including the Ray County Property which will be foreclosed pursuant to this Order) shall be applied to the outstanding indebtedness owed and a final determination regarding any monetary judgment shall be made at a future date by this Court.

**17.** The Court notes Defendant Lathrop Feed & Grain, Inc. ("Lathrop") recorded a Request for Notice of Sale recorded April 10, 2018 under Document No. 122778 in Book 1941, Page 69, requesting that notice be given, per Section 443.325 R.S. Mo., in event of foreclosure of Lender's Deed of Trust filed in Book 1941, Page 66. The Court further notes that Lathrop was duly served in this action (*see* Docket No. 30) but has not entered an appearance nor responded to the First Amended Complaint. While Lathrop is entitled to receive notice of the foreclosure, Lathrop has not recorded nor asserted any interest in the Ray County Property and any potential interest that it may have is inferior and subordinate to the lien of Plaintiff.

**18.** The Court notes Orrick Farm Service, Inc. (who was previously a Defendant in this matter but was subsequently dismissed (Doc. #46) has disclaimed any interest in the Ray County Property. (Doc. #45 at 2).

**19.** Pursuant to Fed. R. Civ. P. 54(b), the Court finds and determines that there is no just reason for delay for entry of judgment on Count XIV of the First Amended Complaint.

Based on the foregoing, it is hereby

ORDERED, ADJUDGED AND DECREED Plaintiff is entitled to a judgment on Count XIV of the Amended Complaint, as follows. Plaintiff's interest in the Ray County Property by virtue of the Ray County Deed of Trust is hereby declared to be senior and superior to the interests of Defendants and the Ray County Deed of Trust on the Ray County Property shall be enforced foreclosed pursuant to judicial foreclosure. It is further

ORDERED any right of redemption that Defendant B&B Capital may have had in the Ray County Property has previously been waived by the Ray County Deed of Trust. It is further

ORDERED any interest of Defendants in the Ray County Property shall be foreclosed, terminated, and extinguished and Defendants are forever barred and restrained from setting up and

claiming any right, title, interest, estate, equity or lien in, to or upon the Ray County Property, or any part thereof. It is further

ORDERED the interests of Defendants in any surplus, after full payment under this Consent Judgment in favor of Plaintiff, that is paid into the registry of the Court, if any, relating to the foreclosure sale of the Ray County Property shall be in the same priority as their foreclosed interests in the Ray County Property. It is further

ORDERED the United States Marshal for the Western District of Missouri shall be and hereby is, appointed by this Court to execute this Consent Judgment of Foreclosure. The United States Marshal for the Western District of Missouri ("Marshal") shall sell the Ray County Property, as directed by Plaintiff and in accordance with law, for good funds except that Plaintiff shall bid (as detailed below) by offering partial or full credit against the indebtedness owed to it pursuant to this Consent Judgment of Foreclosure. A certified copy of this Consent Judgment of Foreclosure issued by the Clerk of this Court shall constitute the authority of the Marshal for proceeding and acting in this matter. The Marshal or Plaintiff shall forthwith record a certified copy of this Consent Judgment of Foreclosure with the Register of Deeds for Ray County, Missouri. It is further

ORDERED upon proper motion, the Court will issue an Order of Sale, directing the Marshal to, as soon as practicable and as directed by Plaintiff, advertise and sell at public auction the Ray County Property, without appraisement, to the highest and best bidder in the manner prescribed by law. It is further

ORDERED the foreclosure sale of the Ray County Property shall occur in the customary location and at the customary time that the Marshal conducts real estate foreclosure sales. After the foreclosure sale of the Ray County Property, the Marshal shall file a return or report of sale

with this Court, and Plaintiff or the high bidder at the foreclosure sale shall seek this Court's confirmation of the Marshal's sale. It is further

ORDERED this Consent Judgment of Foreclosure shall be a writ of special execution and no additional levy need be made to effectuate the foreclosure sale. It is further

ORDERED, at the foreclosure sale of the Ray County Property, the Plaintiff shall make a credit bid of $1,100,000 for the Ray County Property. However, nothing shall preclude the Plaintiff from making a credit bid in excess of that amount if the Plaintiff, in its sole discretion, chooses to do so. In the event of a cash bid which exceeds the Plaintiff's credit bid, all sale proceeds shall be first applied to the amounts owed to Plaintiff pursuant to this Consent Judgment of Foreclosure, and the surplus, if any, shall be paid into the registry of the Court pending further Court Order. It is further

ORDERED, at the foreclosure sale the Ray County Property shall be sold in one parcel. It is further

ORDERED the Marshal shall have full power to adjourn, continue, or postpone the sale of the Ray County Property without re-advertising, as the Marshal may deem best, and as authorized by law or as may be requested by Plaintiff. It is further

ORDERED Plaintiff shall give all appropriate notices as required by law. The Court directs that publication of the foreclosure sale of the Ray County Property shall be made in a newspaper of general circulation in Ray County, Missouri for at least four (4) consecutive weeks prior to the foreclosure sale. It is further

ORDERED the Ray County Property shall be sold at the foreclosure sale "AS IS AND WHERE IS" without any representations or warranties whatsoever by Plaintiff with respect to

condition of title, condition of improvements, water, permits, or any other matter relating to the Ray County Property. It is further

ORDERED, except as otherwise specifically provided herein, nothing in this Order and Consent Judgment of Foreclosure shall require Plaintiff to bid (either in credit or in cash) at the foreclosure sale, or to bid a minimum amount at the foreclosure sale, or to waive any deficiency remaining on the indebtedness owed to it pursuant to this Consent Judgment of Foreclosure after the foreclosure sale. Plaintiff retains all bidding rights and all rights to collect any deficiency of the indebtedness owed to Plaintiff pursuant to this Consent Judgment of Foreclosure, which deficiency judgment shall stay in full force and effect and shall remain unsatisfied after the foreclosure sale. It is further

ORDERED, after confirmation of the foreclosure sale by this Court, the Marshal shall execute and deliver a deed conveying the Ray County Property to the holder of the Certificate of Purchase, free and clear of all claims and liens of the parties in this case. Upon the issuance of the deed, the Marshal shall promptly report to this Court concerning the issuance of the deed. It is further

ORDERED, in the event Plaintiff is the winning bidder at the foreclosure sale and following confirmation of the sale, title to the Ray County Property may be vested in an assignee of Plaintiff, if Plaintiff so elects. It is further

ORDERED the sale of the Ray County Property at the foreclosure sale shall be subject to any and all unpaid real estate taxes and whatever entity ultimately takes title to the Ray County Property shall take that Ray County Property subject to any unpaid real estate taxes secured by the Ray County Property. It is further

ORDERED, upon the issuance of the Marshal's Deed, Defendants and all persons claiming by, through, or under them be, and the same are, hereby forever barred, foreclosed and precluded from ever having or claiming to have any right, title, estate, equity, or lien or claim upon the Ray County Property or any part or portion thereof adverse to the title and interest of the purchaser, its successors and assigns. Notwithstanding any provision above to the contrary, no valid real estate tax lien shall be extinguished, barred or foreclosed until paid in full. It is further

ORDERED after the completion of the foreclosure and issuance of the deed, the Marshal is authorized to immediately evict from the Ray County Property any person who remains on the Ray County Property in violation of the rights of the grantee under the Marshal's Deed. The Marshal is further authorized to take all other lawful steps as needed to place the grantee of the Marshal's Deed in possession of the Ray County Property. It is further

ORDERED Borrower is indebted to Plaintiff for all amounts owing as noted above and, should the proceeds of sale of the Ray County Property be insufficient to pay those sums, Borrower shall continue to be a judgment debtor for the deficiency, and this Court retains jurisdiction for the purpose of any deficiency. It is further

ORDERED the winning bidder for the Ray County Property shall take the Ray County Property subject to the USA's one year right of redemption to the extent available under 28 U.S.C. § 2410.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

DATE: June 20, 2024

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT